NO. 07-02-0098-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 20, 2004

_____


SAMMY M. SIMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2001-474231; HONORABLE DRUE FARMER, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**OPINION**

Appellant Sammy Sims appeals from his conviction for possession of marijuana. By three issues he asserts that (1) the trial court erred in admitting scientific evidence and expert testimony without a proper predicate, (2) the evidence was factually and legally insufficient to support the jury's verdict, and (3) the trial court erred in admitting evidence

of an extraneous offense and further erred by failing to *sua sponte* include a reasonable doubt instruction in the punishment charge.  We affirm.

BACKGROUND

Approximately 10:40 p.m. during the evening of March 11, 2001, appellant was driving a vehicle in Lubbock, Texas, when he was stopped by Lubbock Police Officer Chad Brouillette for driving with the vehicle's bright headlights on while facing oncoming traffic. Appellant pulled his vehicle into a private parking lot and parked the vehicle.  After appellant exited the vehicle, Brouillette smelled the odor of alcohol on appellant's breath. Brouillette then began administering field sobriety tests to appellant.  Appellant attempted to perform some of the tests but did not perform them according to Brouillette's instructions.  Appellant then refused to perform further field sobriety tests, at which point Brouillette arrested appellant.  Brouillette asked appellant if he wanted to sign a vehicle release form, which would have allowed appellant to leave his vehicle in the parking lot. Appellant declined to sign the form.  Brouillette then informed appellant that his vehicle would be towed and, in accordance with department procedures, performed an inventory search of appellant's vehicle.  During the inventory search, Brouillette noted the strong odor of marijuana in appellant's vehicle.  Brouillette discovered the remnant of a used "cigar blunt" in the vehicle's ashtray. Brouillette believed the blunt contained marijuana and he field-tested it.  According to the results of the field test, the cigar blunt contained marijuana.

Appellant was charged with possession of marijuana. He pled not guilty. A jury found appellant guilty and sentenced him to 180 days in jail, probated, and a $1000.00 fine.

Appellant presents three issues on appeal. His first issue urges that the trial court erred in admitting scientific evidence and expert testimony without proper predicate. His second issue argues that the evidence was legally and factually insufficient to support the verdict. By his third issue, appellant contends that the trial court erred in admitting evidence of an extraneous offense, and further erred in failing to include an instruction in the punishment charge regarding the proper consideration of extraneous offense evidence.

## ISSUE ONE: ADMISSIBILITY OF EVIDENCE

By his first issue, appellant argues that the trial court erred in admitting the results of analyses conducted by the State's expert witness identifying the substance in the cigar blunt as marijuana. Appellant also contends that the trial court erred in admitting Brouillette's testimony concerning the results of a field test identifying the substance as marijuana. In both cases, appellant argues that there was no evidence that (1) the underlying scientific theory used to identify the substance was valid, (2) the technique applying the theory was valid, (3) the technique was properly applied on the occasion in question, and the admission of such evidence violated TEX. R. EVID. 702. See Hartman v. State, 946 S.W.2d 60, 62 (Tex.Crim.App. 1997); Kelly v. State, 824 S.W.2d 568, 573 (Tex.Crim.App. 1992). The State responds that error was not preserved in regard to the testimony objected to by appellant, and any error in regard to the admission of the

-3-

evidence was harmless because the substance was identified as marijuana by other means without objection.

During Brouillette's direct examination by the State, the officer was asked whether he field-tested the material found in the cigar blunt. Appellant objected to testimony concerning the field test and its results on the basis that the test had not been shown to be scientifically reliable or that it was performed properly. The objection was overruled, and Brouillette testified as to the results of his field test. In addition, however, the officer testified without objection at various times that the material he found in the cigar blunt was marijuana. For example, the following testimony was given without objection:

Q   Once you began the inventory search, Officer, what was the first thing that you noticed?

A   I noticed a strong odor of marijuana in the vehicle . . . I did locate what – a cigar blunt is what it's called . . . they take the tobacco out of a cigar and stuff it with marijuana . . . there was still a usable amount of marijuana inside that cigar blunt in the vehicle.

* * * * * *

Q   Now, the marijuana that you found in the ashtray, did it appear that it was old marijuana?

A   It was in the ashtray . . . It didn't appear like it had been in there that long.

* * * * * *

Q   Officer, after you found the marijuana, did you ever make any mention to the defendant that you found marijuana in the car?

A   No, I didn't.

* * * * * *

Q   Officer, have you had experience in your 4 years as an LPD officer and your life's experience to see and smell marijuana?

A   Yes, I have.

Q    Based upon your experience, did this appear to be marijuana?

A    Yes, it did.  It appeared to smell like it and look like it.

Q    And based upon your experience as a police officer, was this defendant in possession of the marijuana?

A    Yes, he was.

Q    Also, Officer, based upon your experience, is this amount, is this a usable amount of marijuana?

A    Yes, it is.

The officer also identified State's exhibit 2-A as the cigar blunt he found in appellant's vehicle.

The State called DPS chemist Scott Williams to testify about the results of the DPS's analysis of the material in the cigar blunt.  Williams identified exhibit 2-A.  The State offered the exhibit into evidence, whereupon appellant's counsel objected to admission of the exhibit because of insufficient predicate as to the reliability of the method of analysis performed.  The objection was overruled.  Williams then testified, without objection, that the DPS analysis showed the cigar blunt to contain .25 grams of marijuana.

An error in admission of evidence is cured where substantially the same evidence comes in elsewhere without objection.  See Hudson v. State, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984).  Assuming, *arguendo*, that the complained-of evidence was inadmissible and that objection was timely made, appellant still did not preserve error because the same or substantially the same evidence was admitted without objection through testimony from both Brouillette and Williams.  Id.  We overrule appellant's first issue.

ISSUE TWO: SUFFICIENCY OF THE EVIDENCE

By his second issue, appellant challenges the legal and factual sufficiency of the evidence to support a finding that appellant intentionally or knowingly possessed marijuana.

When reviewing challenges to both the legal sufficiency and the factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient to support the verdict, we then review the factual sufficiency challenge, if one is properly raised. Id. Our review is taken being mindful that the jury is the sole judge of the weight and credibility of the evidence. Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997).

The evidence is legally sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis, 922 S.W.2d at 132. All the evidence is reviewed, but evidence that does not support the verdict is disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 460 (Tex.Crim.App. 1991).

A factual sufficiency review of the evidence begins with the presumption that the evidence supporting the jury's verdict was legally sufficient under the Jackson test. Clewis, 922 S.W.2d at 134. Factual sufficiency review is accomplished without viewing the evidence in the light most favorable to the prosecution, as the evidence is viewed in

determining legal sufficiency. Id. The evidence is factually sufficient to support the verdict if the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. Stated otherwise, the evidence is not factually sufficient to support a conviction if the appellate court determines, after viewing all the evidence, both for and against the finding in a neutral light, that the proof of guilt is so obviously weak as to undermine the confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

To prove unlawful possession of a controlled substance, the State must show that appellant exercised care, control or management over the contraband and that appellant knew the substance was a controlled substance. Humason v. State, 728 S.W.2d 363, 365-66 (Tex.Crim.App.1987). Mere presence at a place where narcotics are found is not sufficient to convict a person of possession in the absence of other evidence. Moss v. State, 850 S.W.2d 788, 794 (Tex.App.--Houston [14th Dist.] 1993, pet. ref'd). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must affirmatively link the accused to the contraband. Humason, 728 S.W.2d at 366. Evidence which creates a reasonable inference that the accused knew of the existence of and exercised control over the controlled substance will suffice to meet the burden of the State. Dickey v. State, 693 S.W.2d 386, 389 (Tex.Crim.App. 1984).

Examining the legal sufficiency of the evidence, we note that the evidence showed that (1) appellant was the driver and sole occupant of the vehicle, (2) the marijuana was found in a location which afforded appellant convenient access to it, (3) the marijuana

emitted a recognizable odor, (4) appellant knew what marijuana smelled like from previous exposure to it, (5) appellant made a *res gestae* statement which could have been interpreted as showing a consciousness on appellant's part of the presence of drugs in the vehicle. Such evidence goes beyond appellant's mere presence in the vehicle, and comprises links from which a rational jury could have found that appellant's connection with the marijuana was knowing and intentional. See Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). The evidence was legally sufficient to prove that appellant knowingly possessed the marijuana.

In regard to his factual sufficiency challenge, appellant directs our attention to the following evidence: appellant testified that (1) he did not know the marijuana was in the vehicle, (2) he did not notice the odor of marijuana in the vehicle, (3) he did not smoke the marijuana, (4) he did not have exclusive control over the vehicle the day he was stopped, and (5) another person known to appellant as a marijuana smoker had been in the vehicle that day. Appellant also refers us to evidence that the vehicle was owned by appellant's wife, not appellant, and his wife's testimony that appellant had not smoked marijuana since they had gotten married one year and seven months ago. Appellant also argues that his *res gestae* statement to the effect that he did not do drugs tended to exculpate him.

After viewing all the evidence both for and against the jury's finding in a neutral light, and being mindful to be appropriately deferential to the jury's resolution of credibility and weight determinations,[1] we conclude that the evidence of guilt is neither so obviously weak

---

[1]Whitaker v. State, 977 S.W.2d 595, 598 (Tex.Crim.App. 1998).

-8-

as to undermine our confidence in the jury's determination, nor so greatly outweighed by contrary evidence that the verdict is clearly wrong and unjust.

We overrule appellant's second issue.

## ISSUE THREE: EVIDENCE OF EXTRANEOUS OFFENSES AND JURY CHARGE ERROR

By his third issue, appellant argues that the trial court erred in (1) admitting evidence of appellant's alleged intoxication on the occasion in question as an extraneous offense, and (2) failing to *sua sponte* include a "reasonable doubt" instruction in the jury charge on punishment.

### A.  Extraneous Offense Evidence

The State contends that the evidence of appellant's intoxication was admissible as "same transaction contextual evidence."  See Mayes v. State, 816 S.W.2d 79, 86 (Tex.Crim.App. 1991).  In the alternative, the State argues that admission of the evidence, if error, was harmless.

Generally, evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  TEX. R. EVID. 404(b).  However, extraneous offense evidence is admissible for other purposes.  Id.

"Same transaction contextual evidence" refers to evidence of other offenses connected with the primary offense, which is admissible when the evidence is necessary for the State to logically present evidence of the charged offense. Garza v. State, 2 S.W.3d 331, 335 (Tex.App.–San Antonio 1999, pet. ref'd). Evidence of extraneous offenses is considered same transaction contextual evidence only when the charged offense would make little or no sense without also admitting evidence of the extraneous conduct. Wyatt v. State, 23 S.W.3d 18, 25 (Tex.Crim.App. 2000). Stated differently, the evidence of extraneous conduct must be so blended or connected with the offense for which the defendant is being tried that they form an indivisible criminal transaction such that full proof of one cannot be given without also showing the other. Buchanan v. State, 911 S.W.2d 11, 15 (Tex.Crim.App. 1995).

We review the trial court's actions regarding the admissibility of such evidence under an abuse of discretion standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990). As long as the trial court's ruling was within the "zone of reasonable disagreement," an appellate court will not find error. Id.

At trial, appellant challenged Brouillette's testimony concerning results of the search of appellant's vehicle, in part, on the basis that the search was not a valid inventory search. When an inventory search is challenged, the burden is on the State to prove the lawfulness of the search. Ward v. State, 659 S.W.2d 643, 646 (Tex.Crim.App. 1983).

Because appellant challenged the vehicle search and its fruits, evidence of the facts justifying the search was admissible. Moreover, the trial court could have concluded that

the police officer's testimony relating appellant's actions immediately after appellant stopped his vehicle to a pattern indicating awareness of the marijuana in the vehicle was relevant to whether appellant knew of the marijuana. The same can be said about the officer's testimony as to appellant's conduct and awareness during the episode and the video of appellant during the field testing outside his car: the trial court could have concluded that such evidence was relevant to appellant's mental status and any limitations or condition which would have affected his ability to discern the odor of burned marijuana which the officer testified was present in appellant's vehicle, and thus relevant to appellant's knowledge of the marijuana itself. Accordingly, the trial court could have concluded that evidence of the facts surrounding appellant's detention and arrest for DWI was same transaction contextual evidence. The trial court did not abuse its discretion in admitting the evidence. See Wynne v. State, 676 S.W.2d 650, 654-55 (Tex.App.–Fort Worth 1984, pet. ref'd).

## B. Reasonable Doubt Instruction in Punishment Charge

Evidence submitted by the State at the punishment phase of trial consisted of "resubmit[ting]" evidence of appellant's prior DWI conviction in Cameron County. The evidence had been admitted without objection during guilt-innocence after appellant admitted his conviction. Appellant, nevertheless, references Huizar v. State, 12 S.W.3d 479 (Tex.Crim.App. 2000), and argues that the trial court erred in failing to include a reasonable doubt instruction in the jury charge on punishment *sua sponte*. See id. at 484-85. In making his argument, appellant references evidence of his alleged intoxication and his arrest for DWI which was admitted during guilt-innocence, and which the judge

-11-

instructed the jury during guilt-innocence to consider only for contextual purposes. The State does not contest appellant's assertion that the absence of the instruction constitutes error.

The reasonable doubt standard is applicable when the jury or judge is considering evidence of extraneous crimes or bad acts which is offered at punishment. See TEX. CRIM. PROC. CODE ANN. art. 37.07(3) (Vernon Supp. 2004); Huizar, 12 S.W.3d at 482. The trial court must give a reasonable doubt instruction at punishment, when applicable, even in the absence of an objection by the defendant. Id. at 484. If the defendant does not timely object to absence of the instruction, however, the error is reviewed to determine if it resulted in such egregious harm that the defendant was denied a fair and impartial trial. See id.; Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). In performing such review we consider the entire record and all the relevant information in it, including the state of the evidence, the probative weight of the evidence, argument of counsel, and the jury charge as a whole. See Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996).

The evidence of appellant's prior DWI conviction which the State re-offered at punishment was not controverted. Appellant admitted the conviction during his testimony at guilt-innocence.

During the guilt-innocence phase appellant admitted that he had been drinking during the day before his arrest, although he denied that he would drink and drive (thus the State's introduction of his prior DWI conviction for impeachment). Appellant's arrest was on videotape and the tape was admitted as an exhibit for the jury to consider. The trial

court instructed the jury during guilt-innocence that evidence of alcohol, and intoxication, was to be considered only as contextual evidence.[2] During punishment summation the prosecutor argued that if the jury believed beyond a reasonable doubt that appellant was driving while intoxicated on the occasion he was stopped and arrested, "you can consider that," effectively arguing the instruction which was absent from the charge. The prosecutor's summation at punishment did not overly emphasize appellant's allegedly intoxicated condition at the time of his arrest.

Assuming, *arguendo*, that the trial court erred in failing to give a reasonable doubt instruction even though the only evidence offered by the State in front of the jury at punishment was of appellant's uncontroverted DWI conviction, this record does not reflect that the error was such as to be classified as egregious. See Huizar, 12 S.W.3d at 484; Almanza, 686 S.W.2d at 171. Appellant's third issue is overruled.

CONCLUSION

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Phil Johnson
Chief Justice

Do not publish.

---

[2]See Garza v. State, 2 S.W.3d 331, 335 (Tex.App.–San Antonio 1999, pet. ref'd); Norrid v. State, 925 S.W.2d 342, 349 (Tex.App.--Fort Worth 1996, no pet.).